UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERALD COX, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AERO AUTOMATIC SPRINKLER COMPANY,<br><br>    Defendant. | Case No. 5:14-cv-02723-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**<br><br>Re: Dkt. No. 26 |

Presently before the court in this purported employment class action is a motion for leave to file a first amended and supplemental complaint filed by the named representative plaintiffs, Gerald Cox, Ron Gaddini, Ricky Nies, Richard Jackson, Jr., Doyle Settlemeyer and Johnny Jackson (collectively, "Plaintiffs"). See Docket Item No. 26. Defendant Aero Automatic Sprinkler Company ("Defendant") has filed written opposition to the motion. See Docket Item No. 29.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for April 23, 2015, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1. Plaintiffs' motion for leave to amend the complaint arises under Federal Rule of Civil Procedure 15(a) because it was filed within the timeframe specified in the Case Management Order. See Docket Item No. 23. Leave to amend under Rule 15 is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990).

1

Case No.: 5:14-cv-02723-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

2. A motion for leave to file a supplemental complaint is governed by Federal Rule of Civil Procedure 15(d). Pursuant to that section, the court may "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The same factors relevant to a Rule 15(a) motion for leave to amend are generally considered on a Rule 15(d) motion (Yates v. Auto City 76, 299 F.R.D. 611, 614 (N.D. Cal. 2013)), keeping in mind that "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1981).

3. For both Rules 15(a) and 15(d), "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Moreover, "[t]he party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27, 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

4. Plaintiffs seek to file an amended and supplemental complaint that includes additional facts in support of a claim for violation of California Labor Code § 2802[1] as well as a new claim for violation of California Labor Code 206.5.[2] According to the motion, Plaintiffs'

---

[1] "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Cal. Lab. Code §2802(a).

[2] "An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made. A release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee. Violation of this section by the employer is a misdemeanor." Cal. Lab. Code § 206.5.

2
Case No.: 5:14-cv-02723-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

counsel learned of an additional factual basis for a § 2802 claim from "new putative plaintiffs." For the proposed § 206.5 claim, Plaintiffs' counsel states that Defendant violated that statute since the original complaint was filed by conditioning the payment of back wages owed to potential class members on a release of the claims asserted in this action.

5. Defendant argues the § 206.5 claim is futile because Plaintiffs lack standing to assert it. When assessing futility, "a court typically applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." Stonebrae, L.P. v. Toll Bros., Inc., No. C-08-0221 EMC, 2010 U.S. Dist. LEXIS 1199, at *3, 2010 WL 114010 (N.D. Cal. Jan. 7, 2010) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997)).

The inquiry critical to any standing issue is "'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Allen v. Wright, 468 U.S. 737, 750-51 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). Standing under Article III of the Constitution has three basic elements: (1) an "injury in fact," which is neither conjectural or hypothetical, (2) causation, such that a causal connection between the alleged injury and offensive conduct is established, and (3) redressability, or a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). To satisfy the "injury in fact" element, "the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 100 (1979).

"In a class action, standing is satisfied if at least one named plaintiff meets the requirements." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (citing Armstrong v. Davis, 275 F.3d 849, 860 (9th Cir. 2001)). The class action plaintiff "bears the burden of showing that he has standing for each type of relief sought." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009).

6. Here, Defendant contends that Plaintiffs cannot allege an "injury in fact" from any

3

Case No.: 5:14-cv-02723-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

purported violation of § 206.5 - assuming the statute permits a private right of action[3] - because Defendant did not offer to settle their claims in exchange for a release in the same way it did for other potential class members. Plaintiffs do not argue otherwise in their reply, and their proposed amended pleading is devoid of facts describing the injury necessary to adequately allege standing for a § 206.5 claim. Therefore, Plaintiffs have not shown they *personall*y suffered some actual or threatened injury as a result of Defendant's conduct, regardless of the purported illegality of such conduct. Accordingly, their motion to supplement the complaint to allege a violation of § 206.5 is DENIED.

7. For the § 2802 claim, Defendant also suggests that Plaintiffs lack standing to assert the additional factual basis since the underlying information concerning reimbursement of expenses was provided to Plaintiffs' counsel by putative class members rather than the named class representatives. Even if not challenged, the court must assure itself that standing exists or would exist if the claim were asserted. Sturgeon v. Masica, 768 F.3d 1066, 1071 (9th Cir. 2014) ("The constitutional requirements for standing under Article III are jurisdictional, cannot be waived by any party, and may be considered sua sponte.").

Plaintiffs have not adequately satisfied their obligation to demonstrate standing to assert the § 2802 claim they seek to bring in this action. Nowhere in either the proposed amended complaint or in the instant motion do any of the named plaintiffs allege that they incurred unreimbursed travel or telephone expenses. Claims of potential class members do not confer standing on named plaintiffs. See Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001) ("A named plaintiff cannot represent a class alleging [] claims that the named plaintiff does not have standing to raise. It is not enough that the class members share other claims in common."); see also Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022-23 (9th Cir. 2003) ("[I]f Lierboe has no stacking claim, she cannot represent others who may have such a

---

[3] "[T]here is no private right of action under Labor Code § 206.5 because the statute does not grant employees such a right." Brokaw v. Qualcomm, Inc., No. 01-CV-1172-L(LAB), 2002 U.S. Dist. LEXIS 27809, at *18 (S.D. Cal. Feb. 28, 2002).

4
Case No.: 5:14-cv-02723-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

1  claim, and her bid to serve as a class representative must fail"). Plaintiffs' argument in opposition
2  to this jurisdictional issue, focusing mainly on Federal Rule of Civil Procedure 23's typicality and
3  commonality requirements, is misplaced and unpersuasive. See Bates, 511 F.3d at 985
4  ("[S]tanding is a threshold matter central to [] subject matter jurisdiction."). Since permitting
5  Plaintiffs leave to amend to assert a § 2802 claim would be futile, the motion is DENIED as to that
6  request as well.

**IT IS SO ORDERED.**

Dated: April 16, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-02723-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT