1

2

3

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GERALD COX, et al., | ) | Case No. 5:14-cv-02723-EJD |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING-IN-PART** |
| | ) | **PLAINTIFFS' MOTION TO COMPEL** |
| v. | ) | |
| | ) | **(Re: Docket No. 37)** |
| AERO AUTOMATIC SPRINKLER | ) | |
| COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Based on a purported settlement of their claims, Defendants refuse to provide Plaintiffs

with identifying information of 86 class members in this putative class action, prompting Plaintiffs

to move to compel. Because Plaintiffs' Fair Labor Standards Act and Private Attorney General Act

claims survive, the court GRANTS-IN-PART Plaintiffs' motion.

## I.

Fed. R. Civ. P. 26(b)(1) specifies the parameters of allowable discovery.

Parties may obtain discovery regarding any non-privileged matter that is relevant to any
party's claim or defense, including the existence, description, nature, custody, condition,
and location of any documents or other tangible things and the identity and location of
persons who know of any discoverable matter. For good cause, the court may order
discovery of any matter relevant to the subject matter involved in the action. Relevant
information need not be admissible at the trial if the discovery appears reasonably
calculated to lead to the discovery of admissible evidence. All discovery is subject to the
limitations imposed by Rule 26(b)(2)(C).

1

United States District Court
For the Northern District of California

1   Consistent with this broad standard, plaintiffs are allowed to take discovery about putative class

2   members before filing a motion for class certification.[1]  Because of Rule 23's requirement that

3   court's undertake a "rigorous analysis" of the facts in deciding whether to certify a class, plaintiffs

4   are entitled to probe putative class members to support claims of commonality and typicality.[2]

5        Six California fire sprinkler fitters seek to represent a class of 102 for failure to pay

6   overtime, failure to provide rest breaks, violations of prevailing wage laws on public works

7   projects, failure to provide accurate wage statements, conversion and violation of California's

8   Unfair Competition Law.  Plaintiffs were employed by Aero, an Arizona corporation doing

9   business in California.

10       Before initiating suit, Plaintiffs fulfilled their written notice requirements under Cal. Lab.

11  Code § 2699.3(c).[3]  Aero did not respond to the notice or cure before Plaintiffs filed their

12  complaint.[4]

13       After Plaintiffs served discovery related to class certification,[5] they learned that Aero had

14  written to putative class members, admitting that it had found payroll errors and owed the

15  employees wages,[6] and had provided checks to "make each impacted worker whole for the payroll

---

[1] *See Kress v. Price Waterhouse Coopers*, Case No. 08-cv-00965, 2011 WL 3501003-LKK, at *3 (E.D. Cal. Aug. 9, 2011) ("common practice in class action context" to disclose the contact information of putative class members); *Babbitt v. Albertson's, Inc.*, Case No. 92-cv-01883, 1992 WL 605652-SBA, at *5-6 (N.D. Cal. Nov. 30, 1992) ("Defendant has access to [putative-class contact information], and plaintiff should have the same access.").

[2] *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

[3] *See* Docket No. 37-2 at ¶ 6; Docket No. 37-3 at Ex. E.

[4] *See* Docket No. 1 at ¶ 11.

[5] *See* Docket No. 37-2 at ¶¶ 2-3, Docket No. 37-3, Exs. A, B.  In Plaintiffs' present motion, "Request For Production No. 2" and "Interrogatories Nos. 1-2" are at issue, which Aero say are duplicative, overbroad and seek information protected by third party privacy rights.  *See* Docket No. 37-1; Docket No. 39 at 2.  Aero's previous responses were served prior to the entrance of the protective order.  *See* Docket No. 36.

[6] *See* Docket No. 37-3, Exs. F, G, H.

Case No. 5:14-cv-02723-EJD
ORDER GRANTING-IN-PART PLAINTIFFS' MOTIONS TO COMPEL

errors noted above."[7]   Aero also explained that depositing the check would constitute waiver and release of "any and all causes of action, claims, damages, penalties, losses, costs and expenses, known or unknown ("Claims"), which You now have or may have against AERO and/or Releasees based upon or relating to any claims asserted or that could have been asserted in the Litigation . . . You are waiving all potential claims, even claims that You do not presently know or suspect that You may have as described in paragraph 2(a)."[8]   The paychecks did not include itemized statements showing how Aero calculated wages or whether any amount was in dispute.[9]   86 putative class members cashed the checks.   Aero says this settled the case as to these putative class members, making them no longer subject to class certification or discovery requests such as those at issue here.[10]

Plaintiffs moved to amend their complaint to include violations of Cal. Lab. Code § 206.5, which holds that such conditional releases are misdemeanors, and also violations of Cal. Lab. Code § 2802(a), which cannot be waived by a putative class.[11]   Judge Davila denied Plaintiffs' motion, largely agreeing with Aero that, because none of the named plaintiffs received the check offer or pleaded any lack of reimbursement, the named Plaintiffs lacked standing to pursue these causes of action.[12]

Plaintiffs now request an order requiring Defendants to disclose the name, address, phone number, email address, project name and location, dates of service and job title for each fire

---

[7] *See* Docket No. 37-3, Ex. F at 1.

[8] *See* Docket No. 37-3, Ex. H at 2.

[9] *See* Docket No. 37 at 8.

[10] *See* Docket No. 39 at 6.

[11] *See* Docket No. 26.

[12] *See* Docket No. 45 at 4-5.

Case No. 5:14-cv-02723-EJD
ORDER GRANTING-IN-PART PLAINTIFFS' MOTIONS TO COMPEL

sprinkler fitter, including apprentices, employed by Aero within the four years preceding filing the complaint, pursuant to confidentiality considerations laid out in the stipulated protective order, within 10 days.[13]  Plaintiffs claim they are "incentivized" by the federal government under FLSA and "deputized[] under [] PAGA to pursue Labor Code violations against Aero" in place of California's Labor Workforce Development Agency.[14]

## II.

The court has jurisdiction under 28 U.S.C. § 1331.  The matter was referred to the undersigned pursuant to Fed. R. Civ. P. 72(a).

Plaintiffs base their motion to compel in-part on their proposed first amended and supplemental complaint, which sought to include claims for violation of Cal. Lab. Code § 2802 and Cal. Lab. Code § 206.5.[15]  Judge Davila has since denied Plaintiffs' motion for leave to file this first amended and supplemental complaint.[16]  The basis for Plaintiffs' motion to compel, then, is limited to claims in Plaintiffs' original complaint, namely violations of the FLSA, 29 U.S.C. § 201, and PAGA, Cal. Lab. Code § 2699.[17]

---

[13] *See* Docket Nos. 34, 37.  Aero does not object to producing information relating to the 10 remaining putative class members subject to the terms of the parties' stipulated protective order. *See* Docket No. 39 at 5.  Aero previously provided payroll records for the 10 putative class members who did not cash the check with identifying information redacted, and a privilege log asserting third-party privacy.  *See* Docket No. 37-2 at ¶ 16, Docket No. 37-3, Ex. K.

[14] *See* Docket No. 44 at 1, 4 (citing Cal. Lab. Code § 2699).

[15] *See* Docket No. 26.

[16] *See* Docket No. 45.

[17] *See* Docket No. 1 (claiming, in addition, unpaid overtime wages under Cal. Lab. Code §§ 510, 218.6 and 1194; failure to give rest breaks under Cal. Lab. Code §§ 226.7; violations of prevailing wage laws on public works projects (Cal. Lab. Code §§ 1770, 1771, 1773.1 1774, 1773.1, 1776, 1777, 1777.5); failure to furnish accurate wage statements (Cal. Lab. Code § 226); conversion and unfair competition law (Bus. & Prof. Code §§ 17200 et seq.)).

Case No. 5:14-cv-02723-EJD
ORDER GRANTING-IN-PART PLAINTIFFS' MOTIONS TO COMPEL

**United States District Court**
For the Northern District of California

### III.

As a preliminary matter, Aero contends that Plaintiffs' motion is improper because Plaintiffs did not adequately meet and confer before filing their motion to compel.[18]  But in three meet and confer sessions, Aero did not change its position refusing to provide the contact information of the 86 individuals who cashed checks that Aero says settle the case as to 89% of the putative class.[19]  What more were Plaintiffs to meet about?

Where class discovery is sought, "[t]he plaintiff has the burden to either make a *prima facie* showing that the class action requirements are satisfied, or to show 'that discovery is likely to produce substantiation of the class allegations.'"[20]  Plaintiffs meet this burden.

*First*, Plaintiffs have alleged numerosity (over 100 putative class members), commonality (sprinkler fitters on jobs for Aero in the last four years) and typicality (Aero admitted payroll errors to 96 workers).  The identities of the sprinkler fitter class members is required to address these key Rule 23(a) factors.[21]

*Second*, while Judge Davila has the final say on the issue, the court notes that the Labor Code requires court approval of any penalties sought as part of a proposed settlement of PAGA

---

[18] *See* Docket No. 39 at 3.

[19] *See* Docket No. 37-2 at ¶¶ 4-5, 13-15; Docket No. 37-3, Ex. C, D, J.

[20] *Dolfo v. Bank of Am., N.A.*, Case No. 11-cv-2828-DMS, 2013 U.S. Dist. LEXIS 46256, at **9-10 (S.D. Cal. 2013) (quoting *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (internal punctuation omitted); *see also Doninger v. Pac. Northwest Bell*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("[W]here the plaintiffs fail to make even a *prima facie* showing of Rule 23's prerequisites [*i.e.*, numerosity, commonality, typicality and adequacy of representation], . . . the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations."); *see, e.g.*, *Maes v. JP Morgan Chase*, Case No. 12-cv-0782-JAH, 2013 U.S. Dist. LEXIS 29949, at **3-6 (S.D. Cal. 2013) ("To the extent any of these individuals whose employment records may be discovered executed general releases as part of a severance agreement or agreed to binding arbitration regarding their employment claims, those matters are better considered in the context of whether their claims can be maintained in this action and should not, in this case, preclude discovery.").

[21] *See Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (holding that putative class member contact information "useful . . . to determine, at a minimum, the commonality and typicality prongs of Rule 23").

Case No. 5:14-cv-02723-EJD
ORDER GRANTING-IN-PART PLAINTIFFS' MOTIONS TO COMPEL

claims,[22] and before a dispute, PAGA claims are not waivable.[23]  "The civil penalties recovered on

behalf of the state under the PAGA are distinct from the statutory damages to which employees

may be entitled in their individual capacities."[24]  "[T]he Legislature's purpose in enacting the

PAGA was to augment the limited enforcement capability of the Labor and Workforce

Development Agency by empowering employees to enforce the Labor Code as representatives of

the Agency."[25]  "[A]n agreement by employees to waive their right to bring a PAGA action serves

to disable one of the primary mechanisms for enforcing the Labor Code.  Because such an

agreement has as its 'object, . . . indirectly, to exempt [the employer] from responsibility for [its]

own . . . violation of law,' it is against public policy and may not be enforced."[26]  Employees may

waive PAGA claims only after a dispute relating to alleged Cal. Lab. Code violations has arisen.[27]

Here, no notices of settlement have been filed and no settlements have been approved by this court.

[22] *See* Cal. Lab. Code, § 2699(l) ("The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part.").

[23] *See Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 383 (2014) *cert. denied*, 135 S. Ct. 1155 (2015) ("The unwaivability of certain statutory rights 'derives from two statutes that are themselves derived from public policy.  First, Civil Code section 1668 . . . . Second, Civil Code section 3513 . . . .' These statutes compel the conclusion that an employee's right to bring a PAGA action is unwaivable.  Section 2699, subdivision (a) states:  'Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.' . . .  Such an agreement also violates Civil Code section 3513's injunction that "a law established for a public reason cannot be contravened by a private agreement."  The PAGA was clearly established for a public reason, and agreements requiring the waiver of PAGA rights would harm the state's interests in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations.  Of course, employees are free to choose whether or not to bring PAGA actions when they are aware of Labor Code violations. . . .  But it is contrary to public policy for an employment agreement to eliminate this choice altogether by requiring employees to waive the right to bring a PAGA action before any dispute arises.").

[24] *Iskanian*, 59 Cal. 4th at 381.

[25] *Id.* at 383.

[26] *Id.* (citing Cal. Civ. Code § 1668).

[27] *See id.*; *see also Langston v. 20/20 Cos., Inc.*, Case No. 14-cv-1360-JGB, 2014 U.S. Dist. LEXIS 151477, at **18-19 (C.D. Cal. 2014) (explaining that *Iskanian* was not concerned with an

Case No. 5:14-cv-02723-EJD
ORDER GRANTING-IN-PART PLAINTIFFS' MOTIONS TO COMPEL

**Third**, again without prejudice to Judge Davila's final word, FLSA claims cannot be settled without court approval.[28]  As the court has noted, Aero filed no notices of settlement and did not seek court or Department of Labor approval for settlement of the sprinkler fitters' FLSA claims. "Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[29]

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.  But to approve an "agreement" between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.[30]

Aero notes that a few courts have found some individual FLSA settlements can be enforced without oversight by the Secretary of Labor or court approval.[31]  But the Ninth Circuit has not

---

individual's ability to waive government's rights under PAGA, but rather, with court's disfavor for pre-existing agreements to arbitrate PAGA claims before a dispute has arisen).

[28] *Cf. Chindarah v. Pick Up Stix, Inc.*, 171 Cal. App. 4th 796, 802 (2009) ("[T]he FLSA has statutory and case law history supporting the conclusion that Congress intended to require the approval of private settlement of FLSA claims by the Department of Labor or the district court.") (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982)).

[29] *Lynn's Food Stores*, 679 F.2d. at 1355.

[30] *Id.* at 1354 (citations omitted).

[31] *See, e.g.*, *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 254-257 (5th Cir. 2012); *Picerni v. Bilingual Seit & Preschool, Inc.*, 925 F. Supp. 2d 368, 372-374 (E.D.N.Y. 2013); *Smith v. Tri-City Transmission Serv.*, No. CV 12-01254-PHX, 2012 U.S. Dist. LEXIS 119428, at *2-4 (D. Ariz. Aug 23, 2012).

Case No. 5:14-cv-02723-EJD
ORDER GRANTING-IN-PART PLAINTIFFS' MOTIONS TO COMPEL

ruled on the matter, and one Southern District of California case followed *Lynn's Food Stores*.[32] Under these circumstances, the undersigned cannot say the 86 class members at issue are irrelevant to this case.

**Finally**, fairness requires that Plaintiffs have equal access to persons who potentially have an interest in, or relevant knowledge of, the subject of the action, but who are not yet parties.[33] "Absent a showing of actual or threatened abuse, both sides should be permitted to investigate the case fully."[34] With specific boundaries, the discovery Plaintiffs seek is not likely to cause the putative class "annoyance, embarrassment, oppression, or undue burden or expense."[35]

**IV.**

Plaintiffs shall receive access to the name, address, phone number, email address, project name and location, dates of service and job title of the 96 putative class members, as follows:

(1) Contact information shall be produced within ten days of this order, although the court encourages Aero to produce the information as soon as possible.

(2) If Aero has confidentiality agreements with any of the disputed class members, paragraph nine of the stipulated protective order will come into play. Aero will give notice to non-parties with whom it has a confidentiality agreement when confidential information subject to the confidentiality agreement is sought. In that instance, Aero must provide the non-party a copy of the stipulated protective order, the relevant

---

[32] *See Ambrosino v. Home Depot U.S.A, Inc.*, Case No. 11-cv-1319-MJL, 2014 U.S. Dist. LEXIS 111109, at *3-4 n.1 (S.D. Cal. Aug. 11, 2014) (following *Lynn's Food Stores* but conceding that the Ninth Circuit has not ruled on whether individual FLSA settlements are enforceable absent court approval or oversight by the Secretary of Labor).

[33] *See Atari v. Superior Court*, 166 Cal. App. 3d 867, 869 (1985).

[34] *Id.* at 871.

[35] *See* Fed. R. Civ. P. 26(c).

Case No. 5:14-cv-02723-EJD
ORDER GRANTING-IN-PART PLAINTIFFS' MOTIONS TO COMPEL

discovery requested, and make the information requested available for inspection by the non-party.  If the non-party fails to object or seek a protective order within 14 days, Aero may produce the confidential information.[36]  The non-party notice procedure does not apply to the putative class absent showing a confidentiality agreement covers the information sought by Plaintiffs.

(3) Plaintiffs' counsel shall advise putative class members of their right not to talk to counsel and if they elect not to talk to counsel, Plaintiffs' counsel will terminate contact and not contact the putative class member again.  Plaintiffs shall inform any putative class member contacted that Aero was compelled by this court's order to disclose employee information.  Plaintiffs shall inform any putative class member that their contact information is designated highly confidential and for attorney's eyes only pursuant to the protective order.

**SO ORDERED.**

Dated:  June 12, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[36] *See* Docket No. 36 at ¶ 9.

9

Case No. 5:14-cv-02723-EJD
ORDER GRANTING-IN-PART PLAINTIFFS' MOTIONS TO COMPEL